## FURSTENHEIM ET AL. V. ADAMS.

APPEAL: *When order against garnishee appealable.*

An order ascertaining the amount of a garnishee's indebtedness to a defendant in an attachment suit, and directing him to pay it into court, is after judgment against the defendant in the attachment, final and appealable to the Supreme Court, and if superseded no action can be maintained on it during the pendency of the appeal.

APPEAL from *Yell* Circuit Court.

Hon. W. D. JACOWAY, Circuit Judge.

*G. S. Cunningham* for appellants.

The order was not final. (*Freeman on Judgments, secs. 12, 26, 27, 33 34, 36; Gantt's Dig., secs. 421-3; 29 Ark., 470; 4 Otto, 11; 2 Nash Pl. & Pr., 4th ed., sec. 32.*) But if it were final, still plaintiffs had the right to sue upon it. *Freeman on Judgments, 2d ed., sec. 432, etc.*

### STATEMENT.

EAKIN, J. Appellants sued Adams in an action in the nature of debt, alleging that they had sued out an attachment against the firm of Stewart & Co., in which suit the defendant had been garnished; that, in answer, he had denied his indebtedness to Stewart & Co., or that he had any effects of theirs on hand; that in the suit the attachment had been sustained; that plaintiffs had recovered a judgment against Stewart & Co. for $293.40, with interest, debt and their costs, taxed at $9.55, and at the same term of the court obtained an order directing the defendant, Adams, to pay into court the sum of $324.50, in discharge of his indebtedness to Stewart & Co.; that they had afterwards demanded said sum of $293.40 of said Adams; or that he should pay the sum ordered into court, both of which he had refused.

Upon issues formed the cause was submitted to the court, which found that the order to pay in money had been made on defendant, in the attachment case of plaintiffs against Stewart & Co., substantially as stated. But finding further, that said garnishee at the time excepted to the order, and prayed an appeal to this court, which was granted, and upon it a supersedeas had been issued; and that afterwards the plaintiffs made the demand as alleged.

The court declared the law to be that the order so made was final, and that, as it had been superseded, no action could be brought upon it pending the appeal which was then undetermined. The suit was dismissed, and plaintiffs appealed.

OPINION.

APPEAL: When order against garnishee appealable     If it were true that the order made in the original case was not final, and the subject of appeal, the proper mode of correcting the error would have been to move here to have the appeal dismissed. It is within the jurisdiction of Circuit Courts to grant appeals, and, through the clerks, to take bonds and issue writs of supersedeas. It is not proper to disregard their judgments in such cases as nullities. If they act erroneously in granting premature appeals, and issuing writs of supersedeas through the clerks, they may be corrected in the appellate tribunal.

In the case of *Adams v. Penzel & Co.*, *40 Ark.*, *531*, decided by this court at the last term, an appeal of this nature, by the same garnishee, was entertained by this court, without any question. No motion was made to dismiss, and this particular point was not considered, yet there is no reason to doubt that the action of this court was correct. After judgment rendered in the attachment suit against Stewart & Co., and after it was adjudicated that Adams had effects

in his hands, and he was ordered to pay them over for the purposes of the judgment, it is difficult to imagine what further remained to be done. It is like where a garnishee is ordered to pay money into court *pendente lite*. Adams had only to pay or appeal.

The amount ordered to be paid in slightly exceeds the judgment recovered against Stewart & Co. That, if error, is one of the matters which the appeal of Adams will bring up for correction. It certainly gives plaintiffs in this cause no right to disregard the supersedeas. Doubtless some such explanation will appear in the appealed case as appeared in that of Penzel & Co., which was evidently one of a lot of cases against the same defendants, and involving the same subject matter with this.

Affirmed.